Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| REDLINE GLOBAL, LLC. **Recurrida** V. SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO ESTATAL DE PUERTO RICO Y SUS INSTRUMENTALIDADES Y OTROS **Peticionarios** | KLCE202500194 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan Caso Núm: SJ2024CV07706 Sobre: Incumplimiento de Contrato, Cobro de Dinero |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de marzo de 2025.

El 26 de febrero de 2025, la Junta de Retiro de Gobierno de Puerto Rico (Junta de Retiro o peticionaria) compareció ante nos mediante *Petición de Certiorari* y solicitó la revisión de una *Resolución* que se emitió y notificó el 17 de diciembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar la *Moción de Desestimación al Amparo de La Regla 10.2 de Procedimiento Civil"* que presentó la Junta de Retiro. Fundamentó su decisión en que surgía de las alegaciones bien hechas de la *Demanda* que, Redline Global, Inc. (Redline o recurrida) presuntamente realizó las labores solicitadas con la expectativa de que el contrato era válido y que la peticionaria cumpliría con sus obligaciones. Por esta razón, concluyó que, tomando como ciertas y buenas las alegaciones de la *Demanda,* Redline sí podría tener una reclamación que justificara la

Número Identificador

RES2025 _____

concesión de un remedio, por lo que no procedía la desestimación solicitada.

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

**I.**

El 21 de agosto de 2024, Redline presentó una *Demanda* sobre incumplimiento de contrato, cobro de dinero e interdicto permanente en contra del Sistema de Retiro de los Empleados del Gobierno Estatal de Puerto Rico y sus Instrumentalidades; el Estado Libre Asociado de Puerto Rico; el Hon. Domingo Emanuelli Hernández, Secretario de Justicia; entre otros (parte demandada).[1] Alegó que, el 21 de diciembre de 2017, suscribió un contrato intitulado *Grant Management Contract* (el Contrato) con la peticionaria que se extendería hasta el 30 de julio de 2021. Expresó que, mediante este contrato se obligó a proveerle a la Junta de Retiro servicios de consultoría en la preparación, presentación y ajuste de todas las subvenciones, así como comprometer y liquidar todas las subvenciones por pérdidas y/o daños causados por los huracanes Irma y María. Sostuvo que, en cambio, la peticionaria se comprometió a solicitarle a FEMA el reembolso de los honorarios, costos y gastos por hora de Redline y luego pagar la factura de este último con dicho reembolso.

Sin embargo, indicó que a pesar de que la Junta de Retiro recibió todas las facturas por parte de Redline y que los montos advinieron líquidos y exigibles, ésta incumplió con sus obligaciones al no gestionar el desembolso de fondos por parte de las respectivas agencias gubernamentales y en consecuencia no efectuar los pagos requeridos en los plazos allí acordados. Afirmó que, como resultado de la falta de pago, la Junta de Retiro le adeudaba en concepto de

---

[1] Véase, págs. 1-9 del apéndice del recurso.

principal $2,012,245.75. Así pues, le solicitó al TPI lo siguiente: (1) que condenara a la peticionaria al cumplimiento de sus obligaciones; (2) que condenara a la Junta de Retiro a pagar una suma total no menor de $2,012,245.75 por concepto del principal de las facturas emitidas por Redline por las labores rendidas a base del contrato; (3) que concediera cualquier interés legal aplicable por mora; y, por último (4) que condenara a la peticionaria al pago de costas y honorarios por temeridad.

Así las cosas, el 4 de noviembre de 2024, la peticionaria presentó una *Moción de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil*.[2] En primer lugar, aclaró que el Contrato no establecía bajo ninguna de sus cláusulas la partida presupuestaria de la cual se estarían sufragando los pagos de Redline, sino que el pago era contingente al desembolso de los fondos federales. Además, añadió que, en el año 2018, el Contrato se había enmendado para establecer una cuantía máxima a facturar por parte de Redline, que consistía en un tope del 5% del total de los fondos obligados por los desastres reclamados durante la vigencia del Contrato. Alegó que, ante ello, la cuantía máxima a facturar no podía exceder de 2.5 millones de dólares.

Por otro lado, señaló que, el contrato era nulo de su faz por las siguientes razones: (1) por haber sido suscrito en contravención a los procedimientos de autorización previa de la OGP y la Secretaría de la Gobernación exigidos por la Ley Núm. 3-2017 y la carta circular (CC-141-17) y (2) por carecer de una cláusula que identificara la partida presupuestaria para sufragar los servicios. En vista de lo anterior, argumentó que no existía ninguna obligación por la cual Redline podía exigir o reclamar a la Junta de Retiro, por

---

[2] Íd., págs. 125-139.

lo cual procedía la desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil.

En respuesta, el 4 de diciembre de 2024, Redline presentó una *Oposición a "Moción de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil".*[3] En esta, afirmó que entre las partes existía un contrato, por lo cual la parte peticionaria tenía que cumplir con las obligaciones plasmadas en este, específicamente con el cobro de dinero de las cantidades facturadas.  Resaltó que, las cantidades reclamadas estaban vencidas y eran líquidas y exigibles.  Por otro lado, señaló que, la solicitud de desestimación adolecía de deficiencias procesales toda vez que estaba basada en hechos que no surgían de la *Demanda* en contravención con las Reglas de Procedimiento Civil.  Puntualizó que, de la Demanda surgían hechos de que la Junta de Retiro podría ser responsable por incumplimiento contractual y, por lo tanto, tendría derecho a ser indemnizada.  Por estas razones, solicitó que se denegara la solicitud de desestimación presentada.

Evaluados los escritos de ambas partes, el 17 de diciembre de 2024, el TPI emitió y notificó una *Resolución.*[4] Mediante el aludido dictamen, el TPI declaró No Ha Lugar la *Moción de Desestimación* [...] que presentó la Junta de Retiro.  Fundamentó su decisión en que surgía de las alegaciones bien hechas de la *Demanda* que Redline realizó las labores solicitadas con la expectativa de que el contrato era válido y que la peticionaria cumpliría con sus obligaciones.  Por esta razón, concluyó que, en esta etapa de los procedimientos y tomando como ciertas y buenas las alegaciones de la *Demanda*, no era posible considerar el argumento de la Junta de Retiro sobre la invalidez de la contratación gubernamental. Puntualizó que, en su momento, dicho argumento podría ser traído

---

[3] Íd., págs. 140-148.
[4] Íd., págs. 151-154.

a la atención del TPI a manera de defensa. Así pues, resolvió que Redline sí podría tener una reclamación que justificara la concesión de un remedio por lo que no procedía la desestimación solicitada.

En desacuerdo con esta determinación, el 26 de diciembre de 2024, la Junta de Retiro presentó una *Solicitud de Reconsideración.*[5] En síntesis, reiteró los argumentos en cuanto a que el Contrato que suscribió con Redline no cumplía con las normas estatutarias que regulaban el proceso de reglamentación gubernamental por lo que carecía de validez y era nulo. Así pues, sostuvo que, debido a ello, Redline no tenía derecho a exigir el pago de los servicios brindados. Razonó que la mera expectativa de validez de un contrato no generaba obligación por parte del Estado para cumplir con el pago de los servicios.

Por su parte, el 15 de enero de 2025, Redline presentó su *Oposición a "Solicitud de Reconsideración".*[6] Indicó que tomando como ciertas e interpretadas liberalmente a su favor, no había duda de que las alegaciones de la Demanda establecían una reclamación que justificaba la concesión de un remedio. Particularmente, reafirmó que conforme a las alegaciones presentadas era evidente de que tenía derecho a los remedios solicitados. Por último, puntualizó que los argumentos sobre el incumplimiento con los requisitos de ley sobre la contratación gubernamental no procedían en esta etapa de los procedimientos. De este modo, solicitó que se denegara la solicitud de reconsideración.

Atendidos los argumentos de ambas partes, el 25 de enero de 2025, el TPI emitió una *Resolución* que se notificó el 27 de enero de 2025.[7] En esta, el TPI declaró No Ha Lugar la solicitud de reconsideración que presentó la Junta de Retiro. Aún inconforme,

---

[5] Íd., págs. 155-164.
[6] Íd., págs. 165-170.
[7] Íd, págs. 174-175.

el 26 de febrero de 2025, la Junta de Retiro presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Primer Error: Erró el TPI al dar por ciertas las alegaciones especulativas y conclusorias expuestas en la Demanda, en contravención al derecho aplicable para evaluar una Moción de Desestimación al amparo de la Regla 10.2 (5) de Procedimiento Civil.**
>
> **Segundo Error: Erró el TPI al no desestimar el pleito instado debido a que Redline no tiene derecho a remedio alguno, ya que el contrato suscrito entre las partes trasgredió los principios aplicables a la contratación gubernamental y está viciado de nulidad.**

Atendido el recurso, el 27 de febrero de 2025, emitimos una Resolución concediéndole a la parte recurrida hasta el 10 de marzo de 2025 para presentar su postura en cuanto al recurso. Oportunamente, Redline presentó su *Oposición a Petición de Certiorari* y negó que el TPI cometiera los errores que la Junta de Retiro de imputó. Con el beneficio de la comparecencia de ambas partes procedemos a resolver el asunto ante nos. *Veamos.*

## II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto, ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción.

Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, s*upra*, es determinante por sí solo para el ejercicio de jurisdicción, y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra. La norma vigente es que un tribunal apelativo solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* y la bien fundamentada *Resolución* recurrida, no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

**IV.**

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones